UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT ALLEN MCLEMORE,

    Plaintiff,

-vs-                                  Case No. 6:10-cv-766-Orl-28KRS

SAMUEL CRUZ, et al.,

    Defendants.
_____/

## ORDER

This case is before the Court on the Motion to Dismiss (Doc. No. 66) filed by Defendant Mark Caruso and the Motion to Dismiss (Doc. No. 70) filed by Defendants Samuel Cruz, Luis Escobales, and Erick Mejia. Plaintiff filed Responses to the motions. *See* Doc. Nos. 87 and 88. As discussed hereinafter, it is **ORDERED** that the Motion to Dismiss filed by Defendant Caruso is denied, and the Motion to Dismiss filed by Defendants Cruz, Escobales, and Mejia is granted.

**I.**    *Factual Background*[1]

Plaintiff, a federal prisoner incarcerated in the State of Arizona proceeding *pro se*, filed a third amended complaint (Doc. No. 16) and an amendment thereto (Doc. No. 38)

---

[1]The following statement of the facts is derived from Plaintiff's third amended complaint and amendment thereto, the allegations of which this Court must take as true in ruling on a motion to dismiss. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corporation S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

pursuant to 42 U.S.C. § 1983. At all relevant times, all of the Defendants were correctional officers at the Orange County Jail.

Plaintiff alleges that, at approximately 12:04 a.m. on May 17, 2008, Defendant Cruz ordered Plaintiff and his cellmate, Robert Gerido, to go the "dayroom area." (Doc. No. 38 at 8.) Plaintiff and Mr. Gerido had been arguing earlier in the evening, *id.* at 8, 10, and, according to Plaintiff, it was the custom and practice of Defendants Cruz and Escobales to allow inmates to settle their differences by fighting each other. *Id.* at 10. The staged fights were refereed by Defendant Cruz and wagered upon by all of the Defendants. *Id.* at 10.

Upon their arrival at the dayroom, Defendant Cruz ordered Plaintiff and Mr. Gerido "to fight each other for a period of three (3) minutes." *Id.* at 8. Defendant Cruz told Plaintiff that, if he refused to fight, "I'll say you swung on me, and I'll charge you with battery on a correctional officer." *Id.* at 10. Plaintiff and Mr. Gerido then began wrestling with each other, but, because of the lack of aggression, Defendant Cruz began uttering profanities at them. *Id.* at 11. Eventually, Defendant Cruz ordered them to stop and to return to their cell. *Id.* As Plaintiff was proceeding back to his cell, Defendant Cruz grabbed Plaintiff and slammed him to the floor. *Id.* at 12. The fall caused Plaintiff to suffer permanent physical and emotional injuries. *Id.*

Plaintiff alleges that Defendants Caruso, Escobales, and Mejia were co-conspirators "in the fight-club at the jail in which inmates were pitted against one another while [all the Defendants] wagered upon these staged inmate fights." *Id.* He also claims that these Defendants were present when Defendant Cruz assaulted him but that they failed to

protect Plaintiff, report the matter to the jail supervisors, or seek medical attention. *Id.*

Plaintiff alleges that Defendant Cruz used excessive force during the unprovoked assault and "tried to force the plaintiff and his cell-mate to fight one another as punishment for them having argued earlier in the evening." *Id.* at 8, 10. Plaintiff seeks compensatory and punitive damages against Defendants.

## II.  *Standard for Motion to Dismiss*

When considering a motion to dismiss pursuant to Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); *see also Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain a short and plain statement demonstrating an entitlement to relief, and the statement must "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Previously, the standard provided that a complaint should not be dismissed for failure to state a claim unless it appeared beyond doubt that plaintiff could prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

However, this standard has been "retired" in favor of a heightened requirement that the plaintiff supply "'enough facts to state a claim to relief that is plausible on its face,' rather than merely 'conceivable.'" *Huggins v. Marriott Ownership Resorts, Inc.*, 2008 WL

552590, Case No. 6:07-cv-1514-Orl-22KRS (M.D. Fla. February. 27, 2008) (discussing *Twombly* in dismissing claims for breach of implied duty of good faith and fair dealing) (quoting *Twombly*, 550 U.S. at 570). Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U. S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* In the case of a *pro se* action, however, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

### III.   Analysis

A.   *42 U.S.C. § 1983*

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "In any action under section 1983, the plaintiff must prove that (1) he or she has been deprived of a right secured by the United States constitution or laws, and (2) the defendant who allegedly caused that deprivation acted under color of state law." *Ross*

*v. Duggan*, 402 F.3d 575, 581 (6th Cir. 2004) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

B.   *Motion to Dismiss filed by Defendant Caruso*

Defendant Caruso argues that, since Plaintiff has not exhausted his administrative remedies, his claims must be dismissed. The Prison Litigation Reform Act requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a 42 U.S.C. § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) directs that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

In the present case, Plaintiff alleges that he was denied grievance forms by the jail staff and misled as to the necessity of filing a grievance. In particular, he mentions that Investigator Bynes told him that the filing of a grievance would hinder her ongoing investigation of the matter and that, since an investigation was already underway, a grievance was unnecessary.

Based on Plaintiff's allegations, the Court finds that the jail officials prevented or thwarted him from using his administrative remedies, and they were rendered "unavailable" for the purposes of exhaustion. *See Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004). Thus, Plaintiff has sufficiently alleged full exhaustion of all available administrative remedies.

Defendant Caruso also alleges in a conclusory fashion that he is entitled to qualified immunity. "[Q]ualified immunity protects government officials 'from liability for civil

damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818). For qualified immunity to apply, the officer must first show that he acted within his discretionary authority. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir.2002). It is undisputed in this case that Defendant Caruso was acting within his discretionary authority.

Since it is established that Defendant was acting within his discretionary authority, the burden then shifts to Plaintiff to show that qualified immunity is not appropriate. "In analyzing the applicability of qualified immunity, the Court has at its disposal a two-step process. Traditionally, a court first determines whether the officer's conduct amounted to a constitutional violation. Second, the court analyzes whether the right violated was clearly established at the time of the violation." *Id.* (citations omitted). Under *Pearson v. Callahan*, 555 U.S. 223, 236 (2009), however, courts are no longer required to conduct the qualified immunity analysis in this order; rather, we are "permitted to exercise [our] sound discretion" in deciding which prong of the inquiry to address first.

Plaintiff's third amended complaint identifies each of the alleged acts of excessive force and alleges that Defendant Caruso was in the vicinity of the assault by Defendant Cruz and capable of intervening to prevent the use of unnecessary force but failed to do so. Thus, Defendant Caruso faces potential liability under section 1983 for failing to take reasonable steps to protect Plaintiff from Defendant Cruz' alleged use of excessive force. *See Fundiller v. City of Cooper City*, 777 F.2d 1436, 1441-42 (11th Cir. 1985) ("It is not necessary

that a police officer actually participate in the use of excessive force in order to be held liable under section 1983. Rather, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance."). These allegations, if true, are sufficient to establish a constitutional violation that would have been reasonably known to Defendant Caruso. As such, Defendant Caruso's request for qualified immunity and motion to dismiss are denied.

C.  *Motion to Dismiss filed by Defendants Samuel Cruz, Luis Escobales, and Erick Mejia*

These Defendants request that "all claims against them regarding an alleged conspiracy in the instant case be dismissed." The Court agrees that Plaintiff's conspiracy claim fails due to the application of the intracorporate conspiracy doctrine, which provides that employees of a public, governmental entity or a private corporation, when acting as agents of the entity or corporation, "are deemed incapable of conspiring among themselves or with the corporation." *Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000). Since these Defendants were employees of the Orange County Jail at all times relevant to this case, the intracorporate conspiracy doctrine bars them from being held liable for conspiring to operate an illegal fight club. Accordingly, these Defendants are entitled to the dismissal of all claims against them regarding an alleged conspiracy.

Accordingly, it is hereby **ORDERED** as follows:

1.  The Motion to Dismiss (Doc. No. 66) filed by Defendant Mark Caruso is **DENIED**. Defendant Caruso shall file an answer to the third amended complaint within twenty-one (21) days from the date of this Order.

2. The Motion to Dismiss (Doc. No. 70) filed by Defendants Samuel Cruz, Luis Escobales, and Erick Mejia is **GRANTED** in that these Defendants are entitled to the dismissal of all claims against them regarding an alleged conspiracy as discussed above.

3. A separate scheduling order will be entered as to Plaintiff and Defendants.

**DONE AND ORDERED** in Orlando, Florida, this 14 day of September, 2011.

_____
JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 9/14
Robert Allen McLemore
Counsel of Record